# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

KEITH HENDERSON,           :
                                      :
        **Plaintiff,**         :
**VS.**                          :     **NO. 7:21-CV-00053-HL-TQL**
                                        :
**Judge WADE MERCER,** *et al.*,    :
                                      :
        **Defendants.**      :
_____  :

## ORDER

Presently pending before the Court are a Complaint (ECF No. 1) and Amended Complaint (ECF No. 4) filed by *pro se* Plaintiff Keith Henderson, a prisoner currently incarcerated at the Suwannee Correctional Institution in Live Oak, Florida. Plaintiff has also moved for leave to proceed *in forma pauperis* in this action (ECF No. 2) and seeks appointed counsel (ECF No. 5). For the reasons discussed below, Plaintiff's claims concerning his incarceration in Florida are **SEVERED** and **TRANSFERRED** to the Middle District of Florida. Plaintiff's pending motion for leave to proceed *in forma pauperis* is **DENIED**, and Plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). Plaintiff's motion for appointed counsel is also **DENIED as moot.**

## I.    Order to Sever and Transfer

A plaintiff may set forth only related claims in a single lawsuit. A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; *and* . . . any

question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). The Eleventh Circuit applies the "logical relationship" test to determine whether claims arise from the same transaction or occurrence for joinder purposes. *See, e.g., Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. Corp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).[1] "Under this test, there is a logical relationship when the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Republic Health Corp.*, 755 F.2d at 1455 (internal quotation marks omitted).

In this case, the claims made in Plaintiff's Complaint and Amended Complaint are largely unintelligible. As best as the Court can tell, however, Plaintiff appears to raise two distinct sets of claims. First, he challenges his previous incarceration in the Georgia state prison system. Second, he challenges his current incarceration in the Florida state prison system. Plaintiff has not alleged any facts suggesting that a logical relationship exists between these two sets of claims. Because joinder of these of claims is therefore inappropriate, Plaintiff's claims based on his Florida incarceration will be **SEVERED from this action.** *See* Fed. R. Civ. P. 21; *see also DirecTV, Inc. v. Leto*, 467 F.3d 842, 844-45 (3d Cir. 2006) (holding that "district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice"). Venue as to Plaintiff's

---

[1] The standard for whether claims arise from the same transaction or occurrence for Rule 20 purposes is the same as that used for compulsory counterclaims under Federal Rule of Civil Procedure 13. *See Smith*, 728 F. Supp. 2d at 1319.

claims arising from his Florida incarceration is not proper in this district, however. Those claims involve events that appear to have occurred at the Suwannee Correctional Institution, which is located in Suwannee County, Florida. *See* 28 U.S.C. § 1391(b). It is therefore **ORDERED** that Plaintiff's severed claims be **TRANSFERRED** to the Middle District of Florida. *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); *see also Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, 953 (11th Cir. 2011) (per curiam) (affirming district court's dismissal of claims against remaining defendants under § 1406(a) after dismissing one defendant for lack of personal jurisdiction); 28 U.S.C. § 89(b).

## II.    Plaintiff's Remaining Claims

Plaintiff's remaining claims arise from his incarceration in several Georgia prisons. Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his

ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed a host of frivolous and meritless cases in federal court and that "his status as a three-strikes plaintiff cannot seriously be disputed." *Henderson v. Thrash*, No. 1:14-CV-00202-NT, 2014 WL 2944065, at *1 (D. Me. June 30, 2014). Plaintiff has been identified as an abusive and vexatious litigant for filing numerous actions without a plausible factual or legal basis, and the Southern District of Georgia even enjoined Plaintiff from refiling in <u>any</u> federal district court for at least two years unless Plaintiff presented sworn allegations that he was under imminent danger of serious physical injury. *See* Order, *In re Keith Henderson*, ECF No. 1 in Case No. 3:12-mc-002 (S.D. Ga. Dec. 18, 2012). Orders dismissing Plaintiff's complaints as frivolous, malicious, or for failing to state a claim upon which relief may be granted include, but are certainly not limited to: Order Dismissing Compl., *Henderson v. Jackson*, ECF No. 7 in Case No. 7:14-cv-00208-HL-TQL (M.D. Ga. Feb. 27, 2015) (dismissing pursuant to 28 U.S.C. § 1915(g) and for failing to state a claim under § 1915A(b)); Order Dismissing Compl., *Henderson v. Hall*, ECF No. 16 in Case No. 1:14-cv-00438-REB (D. Idaho Jan. 15, 2015) (dismissing as frivolous and malicious); Order Dismissing Compl., *Henderson v. Georgia*, ECF No. 2 in Case No. 1:15-cv-01007-JES (C.D. Ill. Jan. 15, 2016) (dismissing as frivolous and malicious). Plaintiff is accordingly

barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

To qualify for the § 1915(g) exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient.  *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice.  *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).  The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury."  *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's original Complaint frankly makes no sense, and it contains no plausible references to any set of facts that could perhaps constitute an imminent danger of serious physical injury.  *See, e.g., Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (holding that a district court may "discredit[] factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible'").

Plaintiff's Amended Complaint (ECF No. 4) is also largely incomprehensible, although Plaintiff does contend that he was "attacked by physical injury" while he was incarcerated in Georgia and appears to make other references to harm he incurred while in the Georgia prison system.  Am. Compl. 22-23, ECF No. 4.  But the fact that Plaintiff was

housed in a Florida prison at the time he filed this action demonstrates that his Georgia claims occurred in the past and thus did not pose any imminent danger. *See, e.g., Medberry*, 185 F.3d at 1193 (holding that allowing plaintiff to amend complaint would be futile because the plaintiff could not show that he was in imminent danger of serious physical injury from being placed in the general population at the prison where he was housed when he filed his complaint because he was transferred to another facility shortly after filing); *Owens v. Schwartz*, 519 F. App'x. 992, 994 (11th Cir. 2013) (per curiam) (holding that "even if [prisoner] had been in imminent danger of serious physical injury from his cell mate and the failure of prison officials to protect him, that danger had passed" when he was transferred after he filed his complaint and "[a]n allegation of past imminent danger will not invoke the 'imminent danger' exception"); *cf. also Barber v. Krepp*, 680 F. App'x 819, 821-22 & n.3 (11th Cir. 2017) (rejecting argument that prisoner's transfer to another prison rendered imminent danger inquiry moot because prisoner had alleged facts suggesting that retaliation would continue regardless of transfer, but suggesting that "if it later becomes clear that the transfer has ended any risk of retaliation, the district court would be obligated to reconsider this issue").

Plaintiff has therefore failed to establish that he should be excepted from the § 1915(g) bar, and his motion leave to proceed *in forma pauperis* is accordingly denied without prejudice to his right to refile with pre-payment of the full $400 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies

the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

### III.     Conclusion

For foregoing reasons, Plaintiff's claims concerning his incarceration in Florida are **SEVERED** and **TRANSFERRED** to the Middle District of Florida. Plaintiff's pending motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**, and Plaintiff's remaining claims concerning his previous incarceration in Georgia are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g). Plaintiff's motion to appoint counsel (ECF No. 5) is **DENIED as moot.**

**SO ORDERED**, this 18th day of June, 2021.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE